## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Diane Catherine Gavin,

              Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 14-615 ADM/JJK

Anoka County, City of Apple Valley,
City of Arlington, City of Bloomington,
City of Brainerd, City of Brooklyn Park,
Clay County, City of Cottage Grove,
City of Duluth, City of Elko New Market,
City of Green Isle, City of Hastings,
Hennepin County, City of Madelia,
City of Maplewood, Metropolitan Council,
City of Minneapolis, Minneapolis Park
and Recreation Board, City of Mound,
City of Nisswa, Olmsted County,
City of Princeton, City of Prior Lake,
Ramsey County, City of Richfield,
City of St. Paul, City of St. Paul Park,
Washington County, City of Woodbury,
Michael Campion, in his individual
capacity as the Commissioner of the
Dept. of Public Safety, Ramona Dohman,
in her individual capacity as the
Commissioner of the Dept. of Public Safety,
John and Jane Does (1-500), acting in their
individual capacity as supervisors, officers,
deputies, staff, investigators, employees or
agents of the other governmental agencies,
Dept. of Public Safety Does (1-30),
acting in their individual capacity as officers,
supervisors, staff, employees, independent
contractors or agents of the Minnesota
Dept. of Public Safety,
Entity Does (1-50), including cities, counties,
municipalities, and other entities sited in Minnesota,

              Defendants.

Jonathan A. Strauss, Esq., Sapienta Law Group PLLC, Minneapolis, MN, on behalf of Plaintiffs.

Bryan D. Frantz, Esq., Anoka County Attorney's Office, Anoka, MN, on behalf of Defendant Anoka County.

Susan Tindal, Esq., Iverson Reuvers Condon, Bloomington, MN, on behalf of Defendants City of Apple Valley; City of Arlington; City of Bloomington; City of Brainerd; City of Brooklyn Park; City of Cottage Grove; City of Elko New Market; City of Green Isle; City of Hastings; City of Madelia; City of Maplewood; City of Mound; City of Nisswa; City of Princeton; City of Prior Lake; City of Richfield; City of St. Paul Park; and City of Woodbury.

Jamie L. Guderian, Esq., Jardine Logan & O'Brien PLLP, Lake Elmo, MN, on behalf of Defendants Clay County and Washington County.

Nathan N. LaCoursiere, Esq., Duluth City Attorney's Office, Duluth, MN, on behalf of Defendant City of Duluth.

Daniel Kaczor, Esq., Hennepin County Attorney's Office, Minneapolis, MN, on behalf of Defendant Hennepin County.

Daniel L. Abelson, Esq., Metropolitan Council, St. Paul, MN, on behalf of Defendant Metropolitan Council.

Sara J. Lathrop, Esq., Minneapolis City Attorney's Office, Minneapolis, MN, on behalf of Defendant City of Minneapolis.

Daniel Louismet, Esq., Rice, Michels & Walther LLC, Minneapolis, MN, on behalf of Defendant Minneapolis Park and Recreation Board.

Gregory J. Griffiths, Esq., Dunlap & Seeger, Rochester, MN, on behalf of Defendant Olmsted County.

Kimberly R. Parker, Esq., Ramsey County Attorney's Office, St. Paul, MN, on behalf of Defendant Ramsey County.

Adam Niblick, Esq., Saint Paul City Attorney's Office, St. Paul, MN, on behalf of Defendant City of St. Paul.

Oliver J. Larson, Minnesota Attorney General's Office, St. Paul, MN, on behalf of Defendants Michael Campion and Ramona Dohman.

## I. INTRODUCTION

Before the Court are Defendants' motions to dismiss and/or motions to sever [Docket Nos. 24 (City of Minneapolis), 28 (Hennepin County), 34 (City of St. Paul), 44 (Metropolitan Council), 49 (Anoka County), 55 (City of Duluth), 60 (Ramsey County), 72 (Olmsted County), 77 (Minneapolis Park and Recreation Board), 82 (City of Apple Valley; City of Arlington; City of Bloomington; City of Brainerd; City of Brooklyn Park; City of Cottage Grove; City of Elko New Market; City of Green Isle; City of Hastings; City of Madelia; City of Maplewood; City of Mound; City of Nisswa; City of Princeton; City of Prior Lake; City of Richfield; City of St. Paul Park; and City of Woodbury), 88 (Clay County and Washington County), 103 (Michael Campion and Romona Dohman)]. Plaintiff Diane Catherine Gavin opposes all of the above motions.

## II. BACKGROUND

Gavin's Complaint [Docket No. 1] is one of numerous analogous complaints recently filed in this district and centered on alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, et seq. See Sherno v. Anoka County, 2014 U.S. Dist. LEXIS 131412 (D. Minn. 2014). The Driver and Vehicle Services Division of the Minnesota Department of Public Safety ("DPS") maintains a password protected database of Minnesota drivers' motor vehicle records ("DVS database"), which includes each licensed driver's name, date of birth, driver's license number, address, photograph, weight, height, eye color, social security number, and some limited health and disability information. The Complaint alleges that personnel affiliated with each of the named entity Defendants accessed Gavin's private information without a proper purpose at least one time and collectively approximately four hundred and thirty times between 2002 and 2013. The Complaint also alleges DPS

Commissioners failed to appropriately supervise those personnel who accessed Gavin's information.

According to her Complaint, Gavin served as a former Minneapolis police officer from 1995 until 2001. Compl. ¶¶ 53-55. Gavin alleges she resigned from the Police Department because of unfair treatment and sexual harassment from her fellow officers. Id. ¶¶ 57-58. Gavin left Minnesota, but returned in 2003 and has since been employed as a St. Paul Fire Inspector. Gavin also worked for the Minneapolis Public Schools. Id. ¶¶ 62-65.

### III. DISCUSSION

All named Defendants have moved to dismiss Gavin's Complaint for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(6). The issues raised by the motions have been extensively discussed in connection with other DPPA cases and need not be repeated in detail here.

The Complaint fails to state a DPPA claim against any Defendant. Her DPPA claims based on access of her data occurring more than four years before the filing of the Complaint on March 7, 2014, are barred by the applicable statute of limitations. See Roschen v. Wabasha County, No. 13-2490, 2014 U.S. Dist. LEXIS 87005, *9-12 (D. Minn. June 26, 2014) (citing Potocnik v. Carlson, 2014 U.S. Dist. LEXIS 38018 (D. Minn. Mar. 24, 2014)). Gavin's DPPA claims against the DPS Commissioners stem from her allegations that they failed to adequately control and monitor access to her private data, but such allegations fail to state a violation of the DPPA. See Sherno, 2014 U.S. Dist. LEXIS 131412, at *3.

As to the remaining data retrievals, Gavin alleges that Defendants did not obtain her personal information for any use in carrying out any law enforcement, governmental, judicial, or

litigation-related function. For each record retrieval Gavin alleges that at the time of the access she was either at work, at home, asleep, or not in the jurisdiction of the access. These facts, however, do not raise her claims above the speculative level, because Gavin does nothing to connect her allegations to the conduct at issue. See Mitchell v. Aitkin Cnty., No. 13-2167, 2014 U.S. Dist. LEXIS 27089, at *2, 8 (D. Minn. Mar. 4, 2014) (dismissing DPPA claim brought by news reporter because her allegations did not provide any "indication of a connection or interaction between an identifiable law enforcement officer and the plaintiff, from which the asserted impropriety of the officer's retrieval of the plaintiff's data can be plausibly inferred"); Ray v. Anoka Cnty., No. 14-539, 2014 U.S. Dist. LEXIS 75792, at *5 (D. Minn. June 3, 2014) (dismissing DPPA claims because the allegations provided "no basis to infer that any officers in the remaining jurisdictions have any personal connection to or interest in [plaintiff]"); but see Heglund v. Aitkin Cnty., No. 14-296, 2014 U.S. Dist. LEXIS 99117, at *7 (D. Minn. July 22, 2014) (finding a plausible claim where plaintiff was a law enforcement officer in the county with the most retrievals, she had been harassed—during the years when retrievals were made within the statute of limitations—by her ex-husband—who is also a law enforcement officer with access to the database—and her current husband's record was simultaneously accessed); Smythe v. City of Onamia, No. 12-03149, 2013 U.S. Dist. LEXIS 78948, at *6 (D. Minn. June 5, 2013) (concluding that plaintiff plausibly stated a DPPA claim because he alleged in detail a "long and contentious history" between himself and the person solely responsible for accessing his data). With no nexus between the retrievals and any alleged conduct, Gavin's remaining DPPA claims must be dismissed.

Because the DPPA has a comprehensive remedial scheme, Gavin's 42 U.S.C. § 1983

claims are dismissed based on the underlying DPPA claims having been dismissed. Heglund, 2014 U.S. Dist. LEXIS 99117, at *18-19. Gavin's common law invasion of privacy claim is also dismissed. Courts in this district have already determined in similar cases that accessing motor vehicle records is insufficient to meet the "high threshold of offensiveness and expectation of privacy." See Roschen, 2014 U.S. Dist. LEXIS 87005, at *29.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant City of Minneapolis' Motion to Dismiss [Docket No. 24] is **GRANTED**;

2. Defendant Hennepin County's Motion to Dismiss [Docket No. 28] is **GRANTED**;

3. Defendant City of St. Paul's Motion to Dismiss [Docket No. 34] is **GRANTED**;

4. Defendant Metropolitan Council's Motion to Dismiss [Docket No. 44] is **GRANTED**;

5. Defendant Anoka County's Motion to Dismiss [Docket No. 49] is **GRANTED**;

6. Defendant City of Duluth's Motion to Dismiss [Docket No. 55] is **GRANTED**;

7. Defendant Ramsey County's Motion to Dismiss [Docket No. 60] is **GRANTED**;

8. Defendant Olmsted County's Motion to Dismiss [Docket No. 72] is **GRANTED**;

9. Defendant Minneapolis Park and Recreation Board's Motion to Dismiss [Docket No. 77] is **GRANTED**;

10. Defendants City of Apple Valley; City of Arlington; City of Bloomington; City of

      Brainerd; City of Brooklyn Park; City of Cottage Grove; City of Elko New Market; City of Green Isle; City of Hastings; City of Madelia; City of Maplewood; City of Mound; City of Nisswa; City of Princeton; City of Prior Lake; City of Richfield; City of St. Paul Park; and City of Woodbury's Motion to Dismiss [Docket No. 82] is **GRANTED**;

11. Defendants Clay County and Washington County's Motion to Dismiss [Docket No. 88] is **GRANTED**; and

12. Defendants Michael Campion and Ramona Dohman's Motion to Dismiss [Docket No. 103] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                      BY THE COURT:


                                      s/Ann D. Montgomery
                                      ANN D. MONTGOMERY
                                      U.S. DISTRICT JUDGE

Dated:  September 22, 2014.